Filed 3/22/22  P. v. Hunter CA4/2
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

| |
|---|
| **California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.** |

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073825 |
| v. | (Super.Ct.No. RIF1105356) |
| BRIUANA LASHANAE HUNTER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting, Acting Assistant Attorney General, Charles C. Ragland and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

Originally charged with first degree murder along with her mother, in 2013 defendant and appellant Briuana Lashanae Hunter ultimately pleaded guilty to one count of voluntary manslaughter (Pen. Code,[1] § 192, subd. (a)) and three counts of attempted murder (§§ 664 & 187, subd. (a)). Defendant also admitted that a principal used a firearm (§ 12022, subd. (a)(1)) during the commission of the voluntary manslaughter.

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95. The trial court denied the petition finding voluntary manslaughter and attempted murder convictions were ineligible for relief under the statute, which was the correct result at the time, and in a prior nonpublished opinion, *People v. Hunter* (Oct. 19, 2020, E073825) (*Hunter I*), we affirmed the trial court's order. The Legislature, however, since has passed and the Governor has signed Senate Bill No. 775 (2020-2021 Reg. Sess.) (Senate Bill 775), which makes clear that persons convicted of attempted murder and voluntary manslaughter can seek resentencing relief. (Stats. 2021, ch. 551, § 2.)

Following the issuance of our prior opinion upholding the trial court's order, defendant filed a petition for review in the California Supreme Court (S265569). The court granted review, and on December 29, 2021, remanded the matter to us with directions to vacate our prior decision and reconsider the cause in light of Senate

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

Bill 775. We vacated our decision on January 7, 2022, and allowed the parties to file supplemental briefs.

In supplemental briefing, defendant contends that she is eligible for resentencing under section 1170.95, as amended by Senate Bill 775, and thus the matter should be remanded for the superior court to reconsider her petition. The People argue that remand is not necessary because defendant's "admission of the factual basis for her guilty plea, unequivocally demonstrates beyond a reasonable doubt that [defendant] was a direct aider and abettor to the killing and that she acted with malice aforethought." Alternatively, the People assert that if the record does not conclusively establish ineligibility for relief as a matter of law, we should remand with directions to the trial court to permit the parties to brief whether defendant has established a prima facie basis for resentencing relief and, if so, to hold further proceedings consistent with section 1170.95, subdivision (c).

Because section 1170.95, as amended by Senate Bill 775, will provide resentencing relief for individuals charged with attempted murder and voluntary manslaughter under certain circumstances, and because the record does not conclusively establish ineligibility as a matter of law, we will reverse the trial court's order and remand the matter for the court to reconsider defendant's petition in the first instance.

II

BACKGROUND

In 2013, defendant pleaded guilty to one count of voluntary manslaughter (§ 192, subd. (a)) and three counts of attempted murder (§§ 664 & 187, subd. (a)). Defendant also admitted that a principal used a firearm (§ 12022, subd. (a)(1)) during the commission of the voluntary manslaughter. In return, the remaining charges and enhancement allegations were dismissed, and defendant was sentenced to a total term of 18 years in prison.[2]

While defendant was serving her 18-year prison term, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, §§ 1-4) (Senate Bill 1437), which amended the law governing murder liability under the felony murder and natural and probable consequences theories and provided a new procedure under section 1170.95 for eligible defendants to petition for recall and resentencing.

On August 29, 2019, defendant filed a petition to vacate her voluntary manslaughter and attempted murder convictions and for resentencing pursuant to section 1170.95.

---

[2] Defendant was originally sentenced to 18 years four months. However, pursuant to a letter submitted by the California Department of Corrections and Rehabilitation, in July 2018, the trial court amended defendant's sentence to a total term of 18 years. The court stayed the one-year term for the gun enhancement and ordered an amended abstract of judgment. The amended abstract of judgment incorrectly indicates defendant's total sentence of 19 years and fails to note the firearm enhancement was stayed.

On September 13, 2019, the trial court summarily denied the petition without prejudice, finding defendant had not established a prima facie case for resentencing, as she was not convicted of murder. Defendant timely appealed from the trial court's order.

In October 2020, this court issued a nonpublished opinion affirming the trial court's denial of defendant's petition, concluding attempted murder and voluntary manslaughter were ineligible for relief as a matter of law under section 1170.95, because the plain language of the statute referred to a "murder conviction" but not attempted murder or voluntary manslaughter. (*Hunter I*, *supra*, E073825, at pp. 3-18.) Defendant subsequently filed a petition for review with the Supreme Court (S265569).

While this matter was pending, the Legislature enacted Senate Bill 775, which amended section 1170.95 to clarify that persons convicted of manslaughter and attempted murder may be eligible for resentencing under that section. As amended, section 1170.95 expressly applies to persons "convicted of . . . attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

On December 29, 2021, S265569, the Supreme Court transferred defendant's case back to this court with directions to vacate our prior decision and reconsider the cause in light of Senate Bill 775. We vacated our prior opinion and permitted the parties to file supplemental briefs.

III

DISCUSSION

Effective January 1, 2019, the Legislature passed Senate Bill 1437 (2017-2018

Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences

doctrine . . . to ensure that murder liability is not imposed on a person who is not the

actual killer, did not act with the intent to kill, or was not a major participant in the

underlying felony who acted with reckless indifference to human life." (Stats. 2018,

ch. 1015, § 1, subd. (f).) The bill also added section 1170.95 to provide a procedure for

those convicted of a qualifying offense to seek vacatur of their conviction and

resentencing on any remaining counts. (See former § 1170.95, subd. (a).)

Prior to the enactment of Senate Bill 775, the California Courts of Appeal were

uniform in concluding that resentencing relief under section 1170.95 was limited to

murder convictions and did not extend to persons convicted of manslaughter or

attempted murder. (See, e.g., *People v. Sanchez* (2020) 48 Cal.App.5th 914, 919;

*People v. Turner* (2020) 45 Cal.App.5th 428, 435-436; *People v. Paige* (2020) 51

Cal.App.5th 194, 201-204.) Since then, however, the Legislature has enacted Senate

Bill 775, which took effect on January 1, 2022. This bill amends section 1170.95 in

various ways, and the most significant for our purposes is an amendment that

expressly permits defendants convicted of attempted murder and/or manslaughter to seek

relief. (Stats. 2021, ch. 551, § 2; see Stats. 2021, ch. 551, § 1, subd. (a) ["[T]his

legislation . . . ¶ . . . [c]larifies that persons who were convicted of attempted murder or

6

manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories"].)

There is no dispute that Senate Bill 775 is applicable in this case, or that defendant may seek resentencing relief for her attempted murder and voluntary manslaughter convictions. Indeed, defendant's appeal from the order denying her resentencing petition was pending when the amendments to section 1170.95 became effective, and thus apply to her. (*People v. Vieira* (2005) 35 Cal.4th 264, 305.)

There is also no argument by the parties that defendant's petition alleges that she was convicted of murder, rather than attempted murder and/or manslaughter. In other words, defendant had checked the box on the form petition stating that she had "pled guilty or no contest to 1st or 2nd degree murder in lieu of going to trial . . . ." Arguably, at the time defendant filed her petition for resentencing relief, section 1170.95 was limited to those convicted of murder, and there was no place on the form petitions to check convictions for attempted murder and/or manslaughter.

A petition for resentencing relief under section 1170.95 must include: "A declaration by the petitioner that the petitioner is eligible for relief under this section, based on all the requirements of subdivision (a)" of section 1170.95. (§ 1170.95, subd. (b)(1)(A).) Under amended section 1170.95, the petitioner must allege that he or she satisfies the following requirements: (1) "A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of

7

felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine," (2) "[t]he petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder," and (3) "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3).)

Here, the petition is facially sufficient under section 1170.95, both as originally enacted and as amended by Senate Bill 775, because the petition meets the requirements of subdivision (b)(1) of section 1170.95. However, the petition would still fail at the prima facie review stage, even after Senate Bill 775, because its allegation that defendant was convicted of murder is refuted by the record of conviction, and the petition does not allege that she was convicted of manslaughter and/or attempted murder.

Because these proceedings begin with the filing of a valid petition, we reverse and remand to the trial court with directions to grant defendant leave to file an amended petition under amended section 1170.95. (See § 1170.95, subd. (b)(2).) Once defendant files a valid petition, the trial court must determine in the first instance whether she has stated a prima facie case of entitlement to relief under subdivision (c) of section 1170.95. (§ 1170.95, subd. (c).) If the court finds a prima facie case is stated, it shall issue an

order to show cause and hold a hearing "to determine whether to vacate the . . . attempted murder, or manslaughter conviction[s] and to recall the sentence and resentence the [defendant] on any remaining counts . . . ." (§ 1170.95, subd. (d)(1).)

## IV

## DISPOSITION

Our previous opinion having been vacated, we reverse the superior court's order denying defendant's petition for resentencing under section 1170.95. The matter is remanded with directions to grant defendant leave to file an amended petition under amended section 1170.95.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:

RAPHAEL
               J.

MENETREZ
               J.

9